UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**MARK CONNOR**                                                                                          **PETITIONER**
Reg # 11515-02

VS.                                           2:19-cv-00020-KGB/JTR

**DEWAYNE HENDRIX,**
**Warden, FCC Forrest City**                                                    **RESPONDENT**

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I.     Background

Pending before the Court is a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Petitioner, Mark Connor ("Connor"), an inmate in the Federal Correctional Complex in Forrest City, Arkansas. *Doc. 1*. Connor argues that the

1

Bureau of Prison ("BOP") has improperly calculated his sentence. Respondent contends that the BOP has calculated his sentence correctly, as required by 18 U.S.C. § 3584(c) and § 3585(a), and BOP Program Statement 5880.28. Before addressing Connor's habeas claim, the Court will review the relevant procedural history of the case.

On December 16, 2002, Connor was sentenced in the United States District Court for the Northern District of Mississippi, Case No. 2:01-cr-0102-001 ("*Connor I*") to a 147-month term of imprisonment for armed bank robbery and gun convictions. On February 3, 2012, Connor was released from BOP custody and began serving a five-year term of supervised release.[1]

On June 26, 2015, Connor was charged with drug offenses in a new federal Indictment filed in the Northern District of Mississippi, Case No. 4:15-cr-00072-001 ("*Connor II*").[2]

---

[1] Exhibit A, Declaration of Robin Teter, ¶ 4 (*Doc. 12-1, p. 3*); Attachment 2, *Connor I* Judgment (*Doc. 12-1, pp. 15-21*); Attachment 3, SENTRY Sentence Monitoring Computation Data (*Doc. 12-1, pp. 23-25*).

[2] Attachment 4, Indictment, (*Doc. 12-1, pp. 27-31*).

On October 28, 2015, Conner was arrested by state authorities.[3] On November 10, 2015, the U.S. Marshals Service took Connor into custody on a Supervised Release Violation in connection with *Connor I* and the pending Indictment in *Connor II*.[4]

On March 4, 2016, Connor's federal supervised release was revoked in *Connor I*, and he was sentenced to a 30-month term of imprisonment.[5]

On November 14, 2016, Conner was sentenced in *Connor II* to a 70-month term of imprisonment.[6] The sentencing judge ordered this sentence to "run concurrently" to the 30-month sentence imposed earlier in *Connor I*.[7]

---

[3] The record is silent on any further details of this arrest by state authorities or whether it led to a state conviction. It is undisputed that the BOP eventually credited against one of Connor's federal sentences all of the time he spent in custody following his arrest on October 28, 2015. *See* discussion *infra*. Thus, there is no issue with any interaction between state and federal sovereigns triggering a need to conduct a primary jurisdiction analysis.

[4] Attachment 2, Declaration at ¶ 6 (*Doc. 12-1, p. 3*); Attachment 5, USM Custody and Detention Report, USM 129 (*Doc. 12-1, pp. 34*).

[5] Attachment 6, Judgment in *Connor I* (*Doc. 12-1, pp. 38-41*).

[6] According to the Judgment, Connor pleaded guilty to an Information charging him with "Accessory After the Fact to Murder Using a Firearm in Relation to a Drug Trafficking Crime," and the original Indictment was dismissed.

[7] Attachment 7, Judgment in *Connor II* (*Doc. 12-1, pp. 43-49*).

Following the sentence imposed in *Connor II*, the BOP calculated a single, aggregate term of imprisonment as required by 18 U.S.C. § 3584(c)[8] and under the guidelines set forth in BOP Program Statement 5880.28. The BOP determined that Connor's remaining term of imprisonment was six-years, six months, and 10-days. Connor's current release date, applying good time credit, is October 22, 2021.[9]

Conner contends the BOP failed to properly apply his jail time credit for the 382 days (between October 28, 2015 and November 14, 2016) he spent as a pretrial detainee awaiting resolution of his federal charges in *Connor II*. He presented this issue to the BOP and exhausted his administrative remedies. He now seeks judicial review of the BOP's sentence computation decision.

---

[8] This statutory provision directs that multiple terms of imprisonment "shall be treated for administrative purposes as a single, aggregate term of imprisonment."

[9] As the BOP explained to Connor in one of his appeals:
> . . . [E]ach of your federal sentences commenced on the dates they were imposed. Your second 70-month term began on November 14, 2016, the date it was imposed, to run concurrently with the remainder of your 30-month terms, as ordered by the Court.
> In accordance with Title 18 U.S.C. § 3585(b), the time period from October 28, 2015, through March 3, 2016, is applied as a prior custody credit to your aggregate federal term. Additionally, the time from March 4, 2016, through November, 13, 2016, the day before your 70-month term was imposed, was time spent in service of your 30-month term of imprisonment. Therefore all of the time you seek credited toward your federal sentences is time already credited to and spent in service of your aggregate 6 year, 6 month, and 10 day sentence.

Doc. 1, at p. 11.

For the reasons that follow, the Court concludes that Connor's challenge to the BOP's sentencing computation lacks merit and recommends the dismissal of his § 2241 Petition.

## II. Discussion

The Attorney General, through the BOP, is responsible for computing federal sentences. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351 (1992)). The calculation of a federal term of imprisonment is governed by 18 U.S.C. § 3585(a) and (b). Together, these two statutory subparts direct the BOP to determine: (1) when a federal sentence "commences;" and (2) whether a defendant is entitled to credit for time "spent in official detention prior to the date the sentence commences." 18 U.S.C § 3585(a), (b). In addition, when there are multiple federal sentences, 18 U.S.C. § 3584(c) requires the BOP to determine a "single, aggregate term of imprisonment."

In connection with the 30-month revocation sentence imposed in *Connor I*, the BOP determined that: (1) the sentence commenced on March 4, 2016; and (2) Connor was entitled to prior custody credit for the time he spent in custody before his sentence commenced (from October 28, 2015 to March 3, 2016).

On November 15, 2016, Connor was sentenced to the 70-month term in *Connor II*. It was only at this point that the BOP was able to calculate a "single, aggregate sentence," as required by § 3584(c). To do so, the BOP, applying Program Statement 5880.28, aggregated the two sentences and determined that Connor's aggregate term of imprisonment was 6 years, 6-months, and 10-days. Exh. A, Declaration of Robin Teters, *Doc. 12-1, ¶ 10*.

Connor argues that he is entitled to an additional credit on his aggregate sentence for the time he spent in jail between October 28, 2015 (when he was arrested for violating the terms of his supervised release in *Connor I* and new federal charges in *Connor II*) and November 14, 2016 (when he was sentenced in *Connor II*). While Connor does not dispute that he has already received credit for this entire period against his sentence in *Connor I*, he argues it also should have been credited against his *Connor II* sentence because he was "in official detention" in connection with those charges starting on October 28, 2015. There are two problems with his argument.

First, by statute, the *Connor II* sentence could not begin to run *before* it was imposed. BOP Program Statement 5880.28 provides that, "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." BOP Program Statement 5880.28, pp. 1–13; *see also Coloma v. Holder*, 445 F.3d

6

1282, 1283-84 (11th Cir. 2006) (per curiam) (district court's order that prison term should run concurrently with prison term already being served did not mean the two sentences had the same starting date; federal sentence cannot commence prior to date it is pronounced, even if made concurrent with sentence already being served); *Ziegler v. Sanders*, Case No. 2:05-CV-00164-JWC, 2006 WL 2365719 at *4 (E.D. Ark. 2006) ("a federal sentence cannot commence prior to the date it is pronounced").

Thus, even though the 70-month sentence in *Connor II* was ordered to be served concurrent to the previously imposed 30-month sentence, the 70-month sentence commenced on November 15, 2016, and cannot be deemed to have a retroactive commencement date.

Second, by statute, Connor can only receive one "prior custody credit," for the time he spent in federal custody *before* his sentence in *Connor II* commenced. Connor's argument that all of the time he spent in federal custody before he was sentenced in *Connor II* should be credited against that sentence is in direct conflict with § 3585(b), which explicitly states that a defendant can receive credit on a federal sentence *only* for time "that has *not* been credited against another sentence." 18 U.S.C. § 3585(b) (emphasis added). In addition, the Supreme Court has made it

7

clear that § 3585(b) prohibits a defendant from receiving "a double credit for his detention time." *Wilson*, 503 U.S. at 337.

Connor has failed to demonstrate that the BOP made any error in computing his sentence.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT Petitioner Mark Connor's 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus, *Doc. 1*, be DENIED with prejudice.

DATED this 2nd day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE